39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol Jean JODICE; Jerry Jodice, Plaintiffs-Appellants,
v.
The COUNTY OF HUMBOLDT, Humboldt County Board of
Supervisors; Ann Sparks, an individual; Harry Pritchard;
Wesley Chesbro; Arthur Eddy, Dennis McCleallan; Randy
Nikolaus; James Lough and J. Bruce Rupp, an individual;
Steven Strawn, an individual, Defendants-Appellees.
 No. 93-16210.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Nov. 1, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carol and Jerry Jodice ("Carol" and "Jerry") appeal the district court's grant of summary judgment in favor of Humboldt County and nine individual defendants who held various Humboldt County appointed and elected positions. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We review the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989).
 
 
 4
 * Carol alleges that the district court erred in granting the County's summary judgment motion on her section 1983 claim. We disagree. In order to impose liability on a local government for failing to act to preserve a constitutional right, a section 1983 plaintiff must establish: (1) that she possessed a constitutional right of which she was deprived; (2) that the government body had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. Oviatt by and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). Although the Board's decision to investigate Carol's claims by assigning them to the County Merit Systems Appeals process was a policy, Carol has completely failed to demonstrate that the policy evidenced a deliberate indifference to her constitutional rights. See id. at 1474.
 
 
 5
 We further reject Carol's claim that the district court erred in granting the individual defendants summary judgment on her section 1983 claim. Government officials performing discretionary functions are protected by qualified immunity. Qualified immunity has been held to protect all but the plainly incompetent or those who knowingly violate the law. Hunter v. Bryant, 112 S.Ct. 534, 537 (1991). Carol produced no evidence that the individual defendants were plainly incompetent or knowingly violated the law.
 
 II
 
 6
 Carol alleges that the district court erred in granting summary judgment to the individual defendants and to the County on her Cal.Labor Code Sec. 1102 claim. We disagree. Carol's evidence shows only that the County and individual defendants failed to investigate her claims in the way in which she desired. Further, the individual defendants are shielded from liability by Cal.Gov't Code Sec. 820.2.
 
 III
 
 7
 We need not reach Carol's claim for emotional distress damages under 42 U.S.C. Sec. 1983 because her section 1983 claims against the County and the individual defendants are entirely meritless.
 
 IV
 
 8
 Finally, we affirm the grant of summary judgment on Jerry's emotional distress claim pursuant to Livitsanos v. Superior Court, 7 Cal.Rptr.2d 808, 815 (1992), and we affirm the grant of summary judgment on Jerry's loss of consortium claim pursuant to Cole v. Fair Oaks Fire Protection Dist., 233 Cal.Rptr. 308, 317 (1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3